# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zackery Blaylock,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV-17-00006-TUC-RM-LCK<br><br>**REPORT AND RECOMMENDATION** |

On January 4, 2017, a Complaint was filed by Plaintiff Zackery Blaylock. Blaylock also filed a Motion to Proceed In Forma Pauperis, which the Court granted. (Docs. 2, 8.) Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Kimmins for all pretrial proceedings, including Report and Recommendation on dispositive matters. The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the complaint with leave to amend.

## DISCUSSION

The Court is required to dismiss a case filed in forma pauperis if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In the Complaint, Blaylock alleges that he retains ownership and rights of use over Facebook and the internet. He alleges that over the last year his profile has been monitored and his posts have disappeared. Blaylock alleges that this violates the Uniform Commercial Code § 1-308. He names the United States as a Defendant and claims $5 million in damages.

The Complaint is subject to dismissal because it seeks monetary relief from a defendant immune from suit, and it fails to state a claim for relief.

*Immunity*

The United States can only be sued to the extent it has expressly waived its sovereign immunity. *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003). When bringing suit against the United States, a plaintiff bears the burden of establishing an "unequivocal" waiver of immunity. *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986). Plaintiff fails to identify any basis to find that the United States has consented to this suit and evaluation of the common waivers of sovereign immunity reveal no basis for such a finding. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (assessing possible waivers of sovereign immunity for pro se complaint). Therefore, the complaint is subject to dismissal because it seeks monetary relief against an immune defendant. Further, absent a waiver of sovereign immunity, this Court does not have subject matter jurisdiction. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).

*Failure to State a Claim*

The United States Supreme Court has found that, to state a claim, a complaint must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65. The complaint "must contain something more . . . than . . . a statement of facts that

merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 1965; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-99 (2009) (interpreting Rule 8(a) and explaining that there must be specific, non-conclusory factual allegations sufficient to support a finding by the court that the claims are more than merely possible, they a plausible.). Where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). However, the Court is not to serve as an advocate of a *pro se* litigant in attempting to decipher a complaint. *See e.g., Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers.); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 160 F.3d 567 (9th Cir. 1998).

Plaintiff does not identify any act or omission taken by the United States, let alone an action entitling Plaintiff to relief. In order to state a claim for relief, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Plaintiff fails to meet this standard.

Further, Plaintiff alleges solely a violation of U.C.C. § 1-308, which provides:

(a) A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest," or the like are sufficient.

(b) Subsection (a) does not apply to an accord and satisfaction.

There is no cause of action arising from this provision of the U.C.C. The facts as alleged by Plaintiff – monitoring of his Facebook profile and disappearance of posts – do not implicate any obvious legal claim against the United States. In sum, Plaintiff's complaint is subject to dismissal because it fails to state a claim against the United States entitling him to relief.

*Amendment*

When a court dismisses a complaint for failure to state a claim, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Because Plaintiff is pro se and the basis for his complaint is obscure, it is not absolutely clear that he could not state a cause of action. Therefore, the Court finds that leave to amend should be allowed.

When dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987). The Court has advised Plaintiff of the deficiencies of the Complaint. The Court emphasizes that Plaintiff must plead the basis of the Court's jurisdiction, Fed. R. Civ. P. 8(a)(1), which includes identifying an express waiver of sovereign immunity by the United States with respect to the suit. An amended complaint must contain all allegations Plaintiff is asserting against a defendant, as the original complaint will be superseded by an amendment and any arguments not included in the amendment are waived. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), *overruled in part on other grounds in Lacey v. Maricopa County*, 693 F.3d 896, 925-28 (9th Cir. 2012). Plaintiff is reminded of his obligation to comply with all rules of procedure and Court orders, regardless of his pro se status. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Failure to do so may result in dismissal of the action. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). If Plaintiff does not amend the complaint in the time set by the District Court, the Court should dismiss the case and enter judgment.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order dismissing the Complaint with leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 12th day of April, 2017.

Honorable Lynnette C. Kimmins
United States Magistrate Judge